# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| LORETTA WOODS, grandmother and next friend of D.W., Jr., and G.W., minor dependents of DAVONNE WOODS, SR., deceased and NAKIA EZELL, mother and next friend of J.W., minor dependent of DAVONNE WOODS, SR., deceased, | Civil Action No. 1:24-cv-00353 <br><br> Formerly Clarke County Circuit Court Case No. CV-2024-900047.00 |
| Plaintiffs, | |
| v. | |
| H&M CONSTRUCTION COMPANY, LLC, PACKAGING CORPORATION OF AMERICA, | |
| Defendants. | |

## NOTICE OF REMOVAL

To:   Kendall C. Dunson
      Wyatt P. Montgomery
      Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
      P.O. Box 4160
      Montgomery, Alabama 36103

      Matthew C. Drinkard
      Wilson, Drinkard & Drinkard
      P.O. Box 99
      Grove Hill, Alabama 36451

      Amanda C. Goozee
      Carson S. Campbell
      Swift, Currie, McGhee & Hiers, LLP
      1901 Sixth Avenue North, Suite 1100
      Birmingham, Alabama 35203

      William H. Traeger, III
      Manley, Traeger, Perry, Stapp & Compton
      111 South Walnut Avenue
      Demopolis, Alabama 36732

Circuit Clerk of Clarke County, Alabama
114 Court Street
Grove Hill, Alabama 36451

**Formerly Clarke County Circuit Court Case No. CV-2024-900047.00**

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, Rule 81(c) of the *Federal Rules of Civil Procedure*, and S.D. Ala. Civil L.R. 8, Defendant Packaging Corporation of America[1], hereby gives notice of their removal of this case from the Circuit Court of Clarke County, Alabama to this Honorable Court. As grounds therefore, Defendant states the following:

1. This lawsuit was originally filed on April 19, 2024, in the Circuit Court of Clarke County, Alabama, and assigned case number CV-2024-900047.00. Plaintiffs' suit made a claim against Defendant H&M Construction Company, LLC ("H&M") for workers compensation benefits. *See Complaint.* H&M was the only named defendant. *Id.* On July 30, 2024, Plaintiffs filed an amended complaint, naming Defendant Packaging Corporation of America, Inc. ("PCA") as a Defendant for the first time.

2. PCA was served with the summons and the Complaint on August 27, 2024. This Notice of Removal is filed within 30 days of the date of service of the Summons and Complaint on PCA.

3. Pursuant to 28 U.S.C. § 1446(d), Defendants have this day served a copy of this Notice on the Clerk of the Circuit Court of Clarke County, Alabama, by filing it with that court's electronic filing system, which will provide notice to counsel for Plaintiffs.

---

[1] Fictitious defendants need not join in or consent to removal. *See GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1354 (S.D. Ala. 2003). Even though Defendant H&M Construction, LLC consent is not necessary because the claims against it are not properly joined to this suit, Defendant hereto attached H&M's consent to this removal. Exhibit 1; *Restivo v. Bank of Am. Corp.*, 618 F. App'x 537, 540 (11th Cir. 2015).

2

4. The documents attached hereto as Exhibit 2 constitute a copy of all of the process, pleadings, and orders filed in this case, including all of the documents served on PCA, as of September 24, 2024, pursuant to 28 U.S.C. § 1446(a).

5. Removal to this Court is proper under 28 U.S.C. § 1441(a) as this is the District Court of the United States for the district and division embracing Clarke County, Alabama – the place where the action is pending.

## DIVERSITY JURISDICTION

6. This removal is based on diversity jurisdiction.  28 U.S.C. § 1332.

7. To confer diversity jurisdiction, the amount in controversy between the parties must exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Moreover, the action must be brought between "citizens of different States." 28 U.S.C. § 1332(a)(1).

**I. Plaintiffs are Completely Diverse From PCA, the Tort Defendant, which Is the Only Defendant Properly Joined and Served.**

8. In this lawsuit, there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Consequently, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. § 1441(b).

9. Plaintiffs are resident and citizens of the State of Alabama. (Amended Complaint, ¶¶1-2).

10. Defendant Packaging Corporation of America is a Delaware corporation with its principal place of business in Illinois.

11. While H&M is a citizen of Alabama, H&M is fraudulently misjoined to this action in an attempt to avoid diversity jurisdiction. For the reasons established herein, the Court should

3

disregard H&M's citizenship because it has not been properly joined to this lawsuit and the Court should sever and remand the worker's compensation claim against H&M.

12.  The only claim that Plaintiffs assert against H&M is a claim pursuant to Alabama's Workmen's Compensation Act. *See* Exhibit 2, Amended Complaint at Count I- Workers Compensation. This claim is separate and apart from the personal injury claims asserted against PCA. *See, e.g., Lowman v. Piedmont Executive Shirt Mfg. Co.*, 547 So. 2d 90 (Ala. 1989); *Watson v. Presbyterian Ret. Corp.*, 615 So. 2d 624 (Ala. Civ. App. 1992); *see Raines v. Browning-Ferris Indus. of Ala., Inc.*, 638 So. 2d 1334, 1337-38 (Ala. Civ. App. 1993) (recognizing that severing worker's compensation claim from tort claims was "the usual procedure").

13.  While diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, an action may nevertheless be removable if the joinder of non-diverse parties is fraudulent. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996), abrogated on other grounds, 204 F.3d 1069 (11th Cir. 2000). "A defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'" *Id.* at 1360 (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

14.  The Eleventh Circuit recognizes three forms of fraudulent joinder:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker*, 709 F.2d at 1440. In *Tapscott*, 77 F.3d at 1355 (11th Cir. 1996), **a third situation of fraudulent joinder was identified—i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.** *Id.* **at 1360.**

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998) (emphasis added).

4

15. Plaintiffs' joinder of H&M to this lawsuit is fraudulent misjoinder because the only claim against H&M is pursuant to Alabama's Worker's Compensation Act. Exhibit 2, Amended Complaint at Count I. "[T]here is no joint, several or alternative liability" and "the claim against [PCA] has no real connection to the claim against [H&M]." *See Triggs*, 154 F.3d at 1287 (*citing Tapscott*, 77 F.3d at 1360). And the worker's compensation claim against H&M will be a bench trial and will concern different evidence than the tort claim against PCA, which will be a jury trial.

16. Diversity jurisdiction exists in the present case because the claim Plaintiffs assert against H&M do not create joint, several or alternative liability with the claims asserted against PCA. Plaintiffs' worker's compensation claim is separate and distinct from the claim against PCA. *See, e.g., Lowman*, 547 So. 2d at 90; *Watson*, 615 So. 2d at 624. If this case were permitted to proceed, it would certainly be a situation where the cases would be severed for trial due to the not only the completely different nature of the claims and evidence but also because the worker's compensation claim, by law, is non-jury.

17. Regardless, the worker's compensation claim against H&M, which is the only claim against H&M, should properly be severed from the remaining tort claims against PCA and remanded back to the Circuit Court of Clarke County, Alabama, while this Court maintains subject matter jurisdiction over Plaintiffs' tort claims against PCA. *See* Fed. R. Civ. P. 21; *Reed v. Heil Co.*, 206 F.3d 1055, 1060-106, 1063 (11th Cir. 2000) (reversing summary judgment on worker's compensation-related retaliatory discharge claim and ordering that it be severed and remanded to state court while affirming summary judgment on remaining federal claim); *Lamar v. Home Depot*, 907 F. Supp. 2d 1311, 1314-1318 (S.D. Ala. 2012) (Judge Steele) (severing and remanding worker's compensation claim and maintaining subject matter jurisdiction over tort and contract claims and explaining why such a result was permissible under *Reed* in cases where there would

otherwise be diversity jurisdiction but for the inclusion of a non-removable worker's compensation claim); *Yates v. Eastdale Apartments Ltd. P'ship,* No. 2:21-CV-615-ECM, 2022 WL 3230428, at *1 (M.D. Ala. Aug. 10, 2022) (severing and remanding worker's compensation claim, while maintaining subject matter jurisdiction over personal injury claims). This Court should sever Plaintiffs' worker's compensation claim against H&M, remand that claim to state court, and retain diversity jurisdiction over the remaining claims against PCA.

18.  Because the citizenship of Defendant, Illinois and Delaware, is completely diverse from Plaintiffs' citizenship, Alabama, and because the claim against H&M has not been properly joined and should be severed and remanded, complete diversity of citizenship exists in this case.

**II. The Amount in Controversy Exceeds $75,000.**

19.  In addition, the amount in controversy in this case exceeds $75,000.00. Although Plaintiffs do not specify the total dollar amount in controversy, PCA may nonetheless remove this case to federal court based on the allegations of the Amended Complaint. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010); *Steele v. Underwriters Adjusting Co., Inc.*, 649 F. Supp. 1414, 1415 (N.D. Ala. 1986) (to disallow removal only or strictly because plaintiff did not allege a jurisdictional amount would be "simply unfair"). If the rule was otherwise, any plaintiff could avoid removal simply by declining to place a specific dollar value upon her claim. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007).  When "the initial pleading seeks (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2)(A).

20. Where a plaintiff seeks unspecified damages, as here, a removing defendant can plausibly allege that the amount in controversy exceeds the jurisdictional threshold. In *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014), the Supreme Court clarified that "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."

> [D]efendants do not need to prove to a legal certainty that the amount in controversy requirement is met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. . . . In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.

*Id.* at 88-89 (citation omitted); *see also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) ("A defendant seeking to remove a case to federal court must file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.' … When the plaintiff contests or the court questions the defendant's allegation, the defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient." (quoting *Dart Cherokee Basin Operating Co., LLC.* 574 U.S. at 89)); *Bennett v. Williams*, 7:17-cv-00062-LSC, 2017 WL 3781187, *1 (N.D. Ala. August 31, 2017).

21. Eleventh Circuit precedent also permits the District Court to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is apparent that the amount in controversy is satisfied, and a case is removable. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). A District Court need not "suspend reality or shelve common sense" in determining the amount in controversy. *Id.* at 770; *see also Cordell v. W.W. Williams Co.*, 16 F. Supp. 3d 1351, 1357 (N.D. Ala. 2014). The Court may employ "its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy." *Roe*, 613 F.3d at 1063. The Eleventh Circuit further explained that "preventing a

district judge from acknowledging the value of the claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case." *Id.* at 1064.  In removing this case, PCA can also "certainly rely on these tools in assessing the allegations of the complaint itself." *Gates v. 84 Lumber Co.*, Civil Action No. 15-0076-WS-N, 2015 WL 2345427, at *1 (S.D. Ala. May 14, 2015) (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001)).

22. PCA denies that Plaintiffs are entitled to recover from it on any of their claims. However, Plaintiffs seek more than $75,000 in damages based on Plaintiffs' claims in the Amended Complaint under Alabama's Wrongful Death Act. "In light of the unique features of Alabama law, the amount-in-controversy requirement in wrongful death actions is generally always satisfied. *Swift v. Purcell*, Case No. 2:19-CV-00584-RDP, 2019 WL 5810413, at *3 n.2 (N.D. Ala. Nov. 7, 2019); *Roe*, 613 F.3d at 1064-66 (finding that "judicial experience and common sense" indicated that the value of claims under Alabama's Wrongful Death Act "more likely than not exceeds the minimum jurisdictional requirement").

23. Based on the allegations of the Amended Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, this action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. §§ 1441, *et seq.. See Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 88-89; *Lowery*, 483 F.3d at 1211.  Therefore, removal of this action is proper on the basis of diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1332, 1446.

24. Given the foregoing, this action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. §§ 1441, 1446, *et seq*.

## SEVER AND REMAND THE WORKER'S COMPENSATION CLAIM

25. Finally, PCA maintains that the Court should sever and remand Plaintiffs' worker's compensation claim against H&M. *See Reed*, 206 F.3d at 1060-106, 1063 (ordering that worker's compensation claim be severed and remanded to state court); *Lamar*, 907 F. Supp. 2d at 1314-1318 (severing and remanding worker's compensation claim and maintaining subject matter jurisdiction over tort and contract claims); *Yates*, 2022 WL 3230428, at *1.

26. The Court has broad discretion in determining whether to sever claims. *Anderson v. Moorer*, 372 F.2d 747, 750, n.4 (5th Cir. 1967). Pursuant to Federal Rule of Civil Procedure 21, that discretion permits the Court to "sever any claim against any party," even for the purpose of retaining jurisdiction. *See Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998) (noting district court's authority under Rule 21 to "dismiss dispensable nondiverse parties to cure defects in diversity jurisdiction"); *Est. of Carter by & through Carter v. SSC Selma Operating Co. LLC*, CIVIL ACTION. 2:19-CV-00431-JB-M, 2020 WL 3429040, at *7 (S.D. Ala. June 23, 2020) ("Rule 21 has consistently been interpreted to allow for the dismissal of dispensable, nondiverse parties to cure a lack of diversity."); *see also Mayfield v. London Women's Care, PLLC*, Civil Action No. 15-19-DLB, 2015 WL 3440492, at **3-6 (E.D. Ky. May 28, 2015) (severing and remanding dispensable claims against non-diverse defendants and maintaining subject matter jurisdiction over claims against diverse defendants); *H.R. ex. Rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671, 682-683 (S.D. Ohio 2014) (severing and remanding dispensable claim against non-diverse defendants). Thus, although H&M is not a diverse party, the Court can and should

sever Plaintiffs' worker's compensation claim against H&M, remand that claim to state court, and retain subject matter jurisdiction over the remaining personal injury claims against PCA.

## SUPPLEMENTAL JURISDICTION

27. To the extent that any additional claim against PCA may be found not to be within the Court's original jurisdiction, this Court has supplemental jurisdiction over any such claim pursuant to 28 U.S.C. § 1367, because any such claim would be so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367.

Respectfully submitted,

*/s/ Emily B. Van Haneghan*
J. BURRUSS RIIS (RIISJ8057)
EMILY B. VAN HANEGHAN (EBV067)
*Attorneys for Defendant Packaging Corporation of America*

**OF COUNSEL**:
HAND ARENDALL HARRISON SALE LLC
Post Office Box 123
Mobile, Alabama 36601
Phone: (251) 432-5511
Fax: (251) 544-1634
briis@handfirm.com
evanhaneghan@handfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 24, 2024, a copy of the foregoing has been served upon counsel for all parties via the Court's electronic filing system or by placing the same in the U.S. Mail, postage prepaid, as follows:

Kendall C. Dunson
Wyatt P. Montgomery
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, Alabama 36103

Matthew C. Drinkard
Wilson, Drinkard & Drinkard
P.O. Box 99
Grove Hill, Alabama 36451

Amanda C. Goozee
Carson S. Campbell
Swift, Currie, McGhee & Hiers, LLP
1901 Sixth Avenue North, Suite 1100
Birmingham, Alabama 35203

William H. Traeger, III
Manley, Traeger, Perry, Stapp & Compton
111 South Walnut Avenue
Demopolis, Alabama 36732

                                                                              */s/ Emily B. Van Haneghan*