IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LORETTA WOODS**, *et al.*, | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:24-00353-N |
| | ) |
| **PACKAGING CORPORATION OF AMERICA**, and | ) |
| **H&M CONSTRUCTION COMPANY, LLC.**, | ) |
|     Defendants. | ) |

## ORDER

This action is before the Court on a Motion to Remand filed by Loretta Woods and Nakia Ezell ("Plaintiffs") on October 24, 2024 (Doc. 8).[1] The motion has been fully briefed and is ripe for disposition. (Docs. 11, 15). Upon consideration and for the reasons stated herein, Plaintiffs' motion is **GRANTED**, and this action is remanded to the Circuit Court of Clarke County, Alabama.

*I.   Background*

This case arises from an accident involving decedent Davonne Woods, Sr., an employee of H&M Construction Company ("H&M"). Woods was allegedly operating an H&M truck on the premises of Packaging Corporation of America ("PCA") in Jackson, Alabama, when it overturned and resulted in his death.

---

1 With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 13, 14)

1

Plaintiffs initiated this action by filing a complaint against H&M and fictitious defendants in the Circuit Court of Clarke County, Alabama, on April 19, 2024 (Doc. 1-2, PageID.18). On July 29, 2024, Plaintiffs amended their complaint (Doc. 1-2, PageID.186) to name PCA as a co-defendant. The amended complaint asserts five counts: (1) Workers' Compensation, (2) Negligence, (3) Wantonness, (4) Co-Employee Liability, and (5) Combined and Concurring Conduct of All Defendants.

With consent of co-defendant, PCA removed the action to this Court on September 24, 2024 (Doc. 1), asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* 28 U.S.C. 1441(b)(1) (disregarding fictitious defendants). In its notice of removal, while PCA acknowledges the workers' compensation claim is due to be remanded, they contend H&M was fraudulently joined to defeat diversity jurisdiction. (Doc. 1, PageID.4).

Plaintiffs filed their motion to remand on October 24, 2024, arguing that removal was improper and that this Court lacks subject matter jurisdiction. (Doc. 8).

## II.   Legal Standards

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

On a motion to remand, the removing party bears the burden of establishing federal jurisdiction. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Removal jurisdiction is construed narrowly, with all doubts resolved in favor

of remand. *Mann v. Unum Life Ins. Co. of Am.*, 505 F. App'x 854, 856 (11th Cir. 2013) (citation omitted). Importantly, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III. *Discussion*

Parties agree that Count One is due to be remanded. The issue is whether the complaint should be remanded in its entirety, as argued by Plaintiffs, or whether the Court should sever the tort claims and retain jurisdiction under 28 U.S.C. § 1332, per Defendants.

PCA cites *Lamar v. Home Depot*, which held that in a similar scenario, removal was proper under § 1441(a) and that courts should remand the workers' compensation claim and retain the properly removed claims. 907 F. Supp. 2d 1311, 1315 (S.D. Ala. 2012).

Additionally, PCA alleges fraudulent joinder, as the claim against H&M is pursuant to Alabama's Worker's Compensation; Plaintiffs are not proper parties; and there is "no real connection between the workers' compensation claim against H&M and the tort claim against PCA." (Doc. 11. PageID.484);  (Doc. 1, ¶ 15, PageID.5).

Plaintiffs rebut these accusations as "Alabama's workers' compensation act provides that a workers' compensation claim can be joined with third-party claims;" the Complaint contains facts common to both Defendants; and removal was improper, as workers' compensation is barred from federal court. (Doc. 8, PageID.440); (Doc. 15, PageID.500).

3

## A. Removal and Workers' Compensation

"A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). However, 28 U.S.C. § 1441(c)(1) provides: "(1) If a civil action includes—(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)." Upon removal of such action, "the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1)." 28 U.S.C. § 1441(c)(2).

The Eleventh Circuit's decision in *Bowling v. U.S. Bank National Association* notes the historical change in the statute,[2] where the prior version of Section 1441(c) permitted removal of both diversity and federal question cases but was later amended to allow removal only when federal-question jurisdiction exists. *See Bowling*, 963 F.3d

---

2 "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction." *Carl Heck Eng'rs, Inc. v. Lafourche Par. Police Jury*, 622 F.2d 133, 135 (5th Cir. 1980) (quoting then-current version of § 1441(c)).

at 1035 n.3; JUDICIAL IMPROVEMENTS ACT OF 1990, PL 101–650, December 1, 1990, 104 Stat 5089 (adding "within the jurisdiction conferred by section 1331 of this title"). In 2011, Congress added the second clause that commands the court to sever and remand the claims made "nonremovable by statute." *See* FEDERAL COURTS JURISDICTION AND VENUE CLARIFICATION ACT OF 2011, PL 112-63, December 7, 2011, 125 Stat 758. This 2011 amendment changed remand of non-removable claims from discretionary to mandatory but retained the limitation of allowing removal only where such claims were joined with a federal claim.

The 1990 and 2011 statutory changes are significant. The omission of a comparable provision for diversity cases advises against the procedural maneuvering sought here. *See Bowling*, 963 F.3d at 1037-38; *Crum v. Hankook Mfg. Co., LTD.*, No. CV 2:20-00452-KD-N, 2020 WL 8465442, at *7 n.14, *report and recommendation adopted,* 2021 WL 439966 (S.D. Ala. Feb. 8, 2021). As alluded to in *Crum*, Section 1441(c) appears to be the exclusive vehicle for the remove-sever-remand procedure but is absent in the presence of diversity alone. 2020 WL 8465442, at *7 n.14. One district court explained, "there does not appear to be any basis for the court to engage in [a] hypothetical severance-and-remand; rather, the court lacks subject matter jurisdiction right now, and there is no appropriate mechanism to 'create' it in these circumstances." *Mayfield v. Shelley's Elec. Serv. Inc.*, 582 F.Supp.3d 1103, 1110 (N.D. Ala. 2022).

Coupled with the Eleventh Circuit's directive that removal statutes must be strictly construed with all doubts resolved in favor of remand, the undersigned finds this evolution persuasive. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).[3]

## B. Fraudulent Joinder

PCA asserts "Defendants' Notice of Removal asserted fraudulent joinder generally" while providing in briefings that Plaintiffs' were not the proper parties authorized to bring suit under the workers' compensation statute; there is no real connection between the claims; and PCA "has no joint or several liability with H&M in this case." (Doc. 11, PageID.484).

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Assuming *arguendo* H&M was a diverse citizen, the analysis would remain the same. The undersigned finds the action was

---

[3] PCA's reliance on *Lamar* is understandable. However, *Lamar* relied on a pre-2011 Eleventh Circuit decision in *Reed*, which analyzed the removal of a federal question and was prior to the most recent amendment. *See generally Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir. 2000); *Lamar*, 907 F. Supp. 2d 1311. In *Lamar*, the court reasoned the Eleventh Circuit's remove-sever-remand procedure of a federal question and workers' compensation claim was based on Section 1441(a), not Section 1441(c). *See Lamar*, 907 F.Supp. 2d at 1314 ("the *Reed* Court relied instead on Section 1441(a) to justify removal and retention of the federal claim"). The 2011 amendment makes this analysis stale. Also note, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quotation omitted)). *Accord Washington v. Rivera*, 939 F.3d 1239, 1244 n.8 (11th Cir. 2019) ("[D]istrict court opinions are not binding precedent."); *United States v. Cerceda*, 172 F.3d 806, 812 n.6 (11th Cir. 1999) (en banc) (per curiam) ("The opinion of a district court carries no precedential weight, even within the same district.").

nonremovable in the absence of a federal question, mooting the need to examine fraudulent joinder.

## IV.   *Conclusion*

For the reasons stated herein, Plaintiffs' Motion to Remand is **GRANTED** and it is **ORDERED** that this case be remanded to the Circuit Court of Clarke County for disposition. In accordance with 28 U.S.C. § 1447(c), the Clerk is **DIRECTED** to send a certified copy of this Order to the clerk of the Circuit Court of Clarke County.

**DONE** this the 3rd day of January 2025.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**